B1 (Official Form 1) (4/13)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| **NORTHERN** DISTRICT OF **ILLINOIS** | |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Holley, Lena B.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**NONE** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): **7642** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**1609 S. Homan**<br>**Chicago, IL**       ZIPCODE **60623** | Street Address of Joint Debtor (No. & Street, City, and State):<br>   ZIPCODE |
| County of Residence or of the<br>Principal Place of Business: **Cook** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**SAME**    ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>   ZIPCODE |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): **NOT APPLICABLE**    ZIPCODE | |

**Type of Debtor** (Form of organization)
(Check **one** box.)

- ☒ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed**
(Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- ☐ Debts are primarily business debts.

**Chapter 15 Debtors**

Country of debtor's center of main interests: _____

Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter 11 Debtors:**

Check one box:
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (4/13)                                                                                    FORM B1, Page  2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Lena B. Holley** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | | (If more than two, attach additional sheet) |
|---|---|---|
| Location Where Filed: <br><br> **NONE** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | | (If more than one, attach additional sheet) |
|---|---|---|
| Name of Debtor: <br><br> **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition | X   */s/ MICHAEL R. RICHMOND*                          *7/9/2014* <br>     Signature of Attorney for Debtor(s)                                    Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

  ☐ Yes, and exhibit C is attached and made a part of this petition.
  ☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ☒ Exhibit D, completed and signed by the debtor, is attached and made part of this petition.

If this is a joint petition:

  ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

  ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

  ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

  ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

  ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

                             _____
                             (Name of landlord that obtained judgment)

                             _____
                             (Address of landlord)

  ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

  ☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

  ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (4/13)                                                                    FORM B1, Page   3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Lena B. Holley** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** */s/ Lena B. Holley*
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

*7/9/2014*
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____

(Signature of Foreign Representative)

_____

(Printed name of Foreign Representative)

_____

(Date)

### Signature of Attorney*

**X** */s/ MICHAEL R. RICHMOND*
Signature of Attorney for Debtor(s)

**MICHAEL R. RICHMOND  3124632**
Printed Name of Attorney for Debtor(s)

**HELLER & RICHMOND, LTD.**
Firm Name

**33 NORTH DEARBORN STREET**
Address

**SUITE 1907**

**CHICAGO, IL  60602**

**(312) 781-6700**
Telephone Number

*7/9/2014*
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110 (h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____

Address

**X** _____

_____

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re   *Lena B. Holley*                                                                Case No.
                                                                                         Chapter *13*

_____ / Debtor

Attorney for Debtor:   **MICHAEL R. RICHMOND**

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in
      connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____*4,000.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $_____*377.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . $_____*3,623.00*

3. $ _____*310.00*_____ of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
      file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
      court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
   services performed, and
      *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
   be from earnings, wages and compensation for services performed, and
      *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
   the value stated:
      *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
   law firm, any compensation paid or to be paid except as follows:
      *None*

Dated: *7/9/2014*                          Respectfully submitted,


                                    X */s/ MICHAEL R. RICHMOND*
                                    _____
              Attorney for Petitioner: *MICHAEL R. RICHMOND*
                                       *HELLER & RICHMOND, LTD.*
                                       *33 NORTH DEARBORN STREET*
                                       *SUITE 1907*
                                       *CHICAGO IL 60602*
                                       *(312) 781-6700*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Court-Approved Retention Agreement, revised as of March 15, 2011)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

## *BEFORE THE CASE IS FILED*

### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

## *AFTER THE CASE IS FILED*

### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

2

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly repre-sent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and com-pleteness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

## *ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES*

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of

$ 4,000.00 .

Prior to signing this agreement the attorney has received $ _27.00_ , leaving a balance due of $ _3,973.00_ . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☑   Any retainer received by the attorney will be treated as an advance payment, allowing the attorney to take the retainer into income immediately. The reason for this treatment is the following: _preparation of petition and related Schedules_

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date: _7-3-14_

Signed:

_____        _____
                               Attorney for Debtor(s)

Debtor(s)
Do not sign if the fee amounts at top of this page are blank.

4

Form No. 23c

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re **Lena B. Holley**                                                    Case No.

                                                                    (if known)

_____
                              Debtor(s)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days    **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.    *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days    **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.    *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09)

☐    4.  I am not required to receive a credit counseling briefing because of:    *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ Lena B. Holley*

Date:    *7/9/2014*

**FORM B6A (Official Form 6A) (12/07)**

In re _Lena B. Holley_ _____ ,    Case No. _____
                        Debtor(s)                                        (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _None_ | | | | _None_ |
| | | | **TOTAL $** | _0.00_ |

No continuation sheets attached

**TOTAL $**
**(Report also on Summary of Schedules.)**

B6B (Official Form 6B) (12/07)

In re **Lena B. Holley** _____ ,    Case No. _____
                    Debtor(s)                                            (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | *Cash on hand* <br> *Location: In debtor's possession* | | $300.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *US Bank checking* <br> *Location: In debtor's possession* | | $400.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *Misc household goods and furnishings* <br> *Location: In debtor's possession* | | $5,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | *Necessary clothing* <br> *Location: In debtor's possession* | | $500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | *Whole life with* <br> *Location: In debtor's possession* | | *Unknown* |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. | X | | | |

Page __1__ of __3__

B6B (Official Form 6B) (12/07)

In re __Lena B. Holley_____,    Case No. _____
                    **Debtor(s)**                                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | *Soley owns Lena Washington Food and Shelter Foundation* *Location: In debtor's possession* | | $400.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

B6B (Official Form 6B) (12/07)

In re **Lena B. Holley** , Case No. _____
_____   (if known)
Debtor(s)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Total ➤ $7,100.00

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

B6C (Official Form 6C) (04/13)

In re **_Lena B. Holley_** _____,    Case No. _____

_Debtor(s)_                                                                                (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds $155,675.*

(Check one box)

☐ 11 U.S.C. § 522(b) (2)

☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Cash on hand_ | _735 ILCS 5/12-1001(b)_ | _$ 300.00_ | _$ 300.00_ |
| _US Bank checking_ | _735 ILCS 5/12-1001(b)_ | _$ 400.00_ | _$ 400.00_ |
| _Misc household goods and furnishings_ | _735 ILCS 5/12-1001(b)_ | _$ 3,300.00_ | _$ 5,500.00_ |
| _Necessary clothing_ | _735 ILCS 5/12-1001(a)_ | _$ 500.00_ | _$ 500.00_ |
| _Whole life with Mass Mutual_ | _735 ILCS 5/12-1001(f)_ | _$ 0.00_ | _Unknown_ |
| _Soley owns Lena Washington Food and Shelter Foundation_ | _735 ILCS 5/12-1001(b)_ | _$ 0.00_ | _$ 400.00_ |

Page No. __1__ of __1__

* Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6D (Official Form 6D) (12/07)

In re _Lena B. Holley_ _____ ,   Case No. _____

**Debtor(s)**                                                                   **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien<br><br>H--Husband<br>W--Wife<br>J--Joint<br>C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| | | Value: | | | | | |
| Account No. | | | | | | | |
| | | Value: | | | | | |
| No continuation sheets attached | | | Subtotal $<br>(Total of this page) | | | $ 0.00 | $ 0.00 |
| | | | Total $<br>(Use only on last page) | | | $ 0.00 | $ 0.00 |
| | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6E (Official Form 6E) (04/13)

In re **Lena B. Holley** _____, Case No._____
                **Debtor(s)**                                                      (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re **Lena B. Holley** _____ ,    Case No. _____
   **Debtor(s)**                                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed.  R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: **8294** <br><br> **Creditor # : 1** <br> **AT&T** <br> **c/o Midland Bankruptcy Departm** <br> **5407 Andrews Hwy** <br> **Midland TX 79706** | | | **2013-04-30** | | | | **$ 2,550.00** |
| Account No: **8294** <br><br> **Representing:** <br><br> **AT&T** | | | **AFNI, INC.** <br> **PO BOX 3097** <br> **BLOOMINGTON IL 61702** | | | | |
| Account No: **2967** <br><br> **Creditor # : 2** <br> **Bally's Total Fitness** <br> **12440 E. Imperial** <br> **Suite 3** <br> **Huntington Beach CA 92647** | | | **2008-07-01** | | | | **$ 261.00** |

|  |  |
|---|---|
| **Subtotal $** | **$ 2,811.00** |

_7_ continuation sheets attached

**Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Lena B. Holley_____,        Case No._____
         **Debtor(s)**                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    2967  **Representing:**  **Bally's Total Fitness** | | | ASSET ACCEPTANCE LLC PO BOX 1630 WARREN MI 48090 | | | | |
| Account No:    1001 Creditor # : 3 Capital One Auto Finan 3901 Dallas Pkwy Plano TX 75093 | | | 2012-02-13 | | | | $ 15,483.00 |
| Account No:    1916 Creditor # : 4 CITY OF CALUMET CITY 204 PULASKI ROAD Calumet City IL 60409 | | | 2011-08-26 | | | | $ 570.00 |
| Account No:    1916  **Representing:**  **CITY OF CALUMET CITY** | | | MUNICOLLOFAM 3348 RIDGE ROAD LANSING IL 60438 | | | | |
| Account No: Creditor # : 5 City of Chicago-Bureau Parking 121 N. LaSalle St. Room 107 Bankruptcy Chicago IL 60602 | | | IL DL # H400-5227-1916 | | | | $ 8,810.69 |

Sheet No.   _1_  of   _7_  continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                         Subtotal $    $ 24,863.69
                                         Total $
(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Lena B. Holley_____ ,   Case No. _____
       **Debtor(s)**                                                            (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br> **Representing:** <br> *City of Chicago-Bureau Parking* | | | *SECRETARY OF STATE DRIVER SERVICES DEPARTMENT 2701 S. DIRKSEN PARKWAY Springfield IL 62723* | | | | |
| Account No: **7862** <br> *Creditor # : 6* <br> *COMCAST* <br> *P O BOX 3002* <br> *SOUTHEASTERN PA 19398-3002* | | | *2009-12-03* | | | | $ 486.00 |
| Account No: **7862** <br> **Representing:** <br> *COMCAST* | | | *CREDIT MANAGEMENT LP 4200 INTERNATIONAL PKWY CARROLLTON TX 75007* | | | | |
| Account No: **4211** <br> *Creditor # : 7* <br> *COMED* <br> *2100 SWIFT DRIVE* <br> *Oak Brook IL 60523* | | | *2012-10-01* | | | | $ 1,367.00 |
| Account No: **4211** <br> **Representing:** <br> *COMED* | | | *CCI 2915 PROFESSIONAL PARKWAY AUGUSTA GA 30907-3540* | | | | |

Sheet No. _2_ of ___7__ continuation sheets attached to Schedule of      **Subtotal $**    $ 1,853.00
Creditors Holding Unsecured Nonpriority Claims                                    **Total $**
(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Lena B. Holley_____ ,      Case No. _____
         **Debtor(s)**                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   3388<br><br>*Creditor # : 8*<br>*DISH NETWORK*<br>*5701 S. SANTA FE DRIVE*<br>*Littleton CO 80120* | | | *2013-04-22* | | | | $ 790.00 |
| Account No:   3388<br><br>*Representing:*<br><br>*DISH NETWORK* | | | *STELLAR RECOVERY INC*<br>*4500 SALISBURY RD STE 10*<br>*JACKSONVILLE FL 32216* | | | | |
| Account No:<br><br>*Creditor # : 9*<br>*Eugene Wabomnor* | | | *Circuit Court of Cook County, IL*<br>*12 M4 000770* | | | | $ 3,200.00 |
| Account No:   L422<br><br>*Creditor # : 10*<br>*Global Payments Check*<br>*Po Box 59371*<br>*Chicago IL 60659* | | | *2008-07-25* | | | | $ 875.00 |
| Account No:   4038<br><br>*Creditor # : 11*<br>*Illinois Tollway Authority*<br>*2700 Ogden Ave*<br>*Downers Grove IL 60515* | | | *2013-09-16* | | | | $ 219.00 |

Sheet No.  _3_  of  _7_  continuation sheets attached to Schedule of                  Subtotal $        $ 5,084.00
Creditors Holding Unsecured Nonpriority Claims                                       Total $
       (Use only on last page of the completed Schedule F. Report also on Summary of
       Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)  - Cont.

In re _Lena B. Holley_____ ,  Case No._____
          **Debtor(s)**                                                             (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:  *4038* *Representing:* *Illinois Tollway Authority* | | | *NCOFIN/980* *600 HOLIDAY PLAZA SUITE 300* *MATTESON IL 60443* | | | | |
| Account No:  *9842* *Creditor # : 12* *Peoplesene* *130 E. Randolph Drive* *Chicago IL 60601* | | | *2012-06-01* | | | | $ 934.00 |
| Account No:  *1000* *Creditor # : 13* *Santander Consumer Usa* *Po Box 961245* *Ft Worth TX 76161* | | | *2006-03-11* | | | | $ 6,979.00 |
| Account No:  *1000* *Creditor # : 14* *Santander Consumer Usa* *Po Box 961245* *Ft Worth TX 76161* | | | *2008-07-28* | | | | $ 7,501.00 |
| Account No:  *2301* *Creditor # : 15* *Unimed  Ltd - Metros* | | | *2010-09-21* | | | | $ 517.00 |

Sheet No.  4  of  7  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $      $ 15,931.00
Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Lena B. Holley_____ ,    Case No._____
        **Debtor(s)**                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: **2301** | | | | | | |
| Representing: *Unimed  Ltd - Metros* | | MBB 1460 RENAISSANCE DR PARK RIDGE IL 60068 | | | | |
| Account No: **2465** Creditor # : 16 US CELLULAR Bankruptcy Dept. 5117 W. Terrace Dr. Madison WI 53718 | | 2012-12-31 | | | | $ 2,199.00 |
| Account No: **2465** Representing: US CELLULAR | | DEBT RECOVERY SOLUTION 900 MERCHANTS CONCOURSE WESTBURY NY 11590 | | | | |
| Account No: **9134** Creditor # : 17 VILLAGE OF Bellwood 3200 Washington Blvd Bellwood IL 60104 | | 2012-11-15 | | | | $ 250.00 |
| Account No: **9134** Representing: VILLAGE OF Bellwood | | MCSI INC PO BOX 327 PALOS HEIGHTS IL 60463 | | | | |

Sheet No. _5_ of ___7__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     | $ 2,449.00
Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re <u>Lena B. Holley</u>                                    ,        Case No._____
          **Debtor(s)**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   2103<br><br>Creditor # : 18<br>VILLAGE OF Bellwood<br>3200 Washington Blvd<br>Bellwood IL 60104 | | | 2009-02-05 | | | | $ 200.00 |
| Account No:   2103<br><br>Representing:<br><br>VILLAGE OF Bellwood | | | MCSI INC<br>PO BOX 327<br>PALOS HEIGHTS IL 60463 | | | | |
| Account No:   6750<br>Creditor # : 19<br>VILLAGE OF RIVERDALE<br>325 WEST 142ND STREET<br>  60627 | | | 2009-06-05 | | | | $ 250.00 |
| Account No:   6750<br><br>Representing:<br><br>VILLAGE OF RIVERDALE | | | MCSI INC<br>PO BOX 327<br>PALOS HEIGHTS IL 60463 | | | | |
| Account No:   0888<br>Creditor # : 20<br>Village Of South Hol<br>16226 Wausau Avenue<br>South Holland IL 60473 | | | 2011-07-22 | | | | $ 200.00 |

Sheet No.   6   of   7   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $      $ 650.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)    - Cont.

In re _Lena B. Holley_____ ,    Case No._____
**Debtor(s)**    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   0888 *Representing:* *Village Of South Hol* | | | PENN CREDIT 916 S 14TH ST HARRISBURG PA 17104 | | | | |
| Account No: *Creditor # : 21* *W & W Partners* | | | 96 M1 158908 | | | X | $ 2,605.00 |
| Account No: *Representing:* *W & W Partners* | | | WALINSKI & TRUNKETT, PC. 221 N. LaSalle, Ste. 1000 Chicago IL 60602 | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No.   7   of    7   continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| **Subtotal $** | $ 2,605.00 |
| **Total $** | $ 56,246.69 |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6G (Official Form 6G) (12/07)

In re _Lena B. Holley_ _____ / Debtor        Case No. _____

                                                                                        (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

In re _Lena B. Holley_ _____ / Debtor      Case No. _____
                                                                                          (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Lena B. Holley | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN | District of | ILLINOIS |
| Case number | | | |
| (If known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

| 1. **Fill in your employment information.** | | **Debtor 1** | **Debtor 2 or non-filing spouse** |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers.<br><br>Include part-time, seasonal, or self-employed work.<br><br>Occupation may Include student or homemaker, if it applies. | Employment status | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| | Occupation | runs homeless shelter | |
| | Employer's name | Lena Washington Food & Shelter | |
| | Employer's address | 1609 S. Homan | |
| | | Number    Street | Number    Street |
| | | Chicago        IL        60623 | |
| | | City        State        ZIP Code | City        State        ZIP Code |
| | How long employed there? | 13 years | |

## Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2.  $ 4720.00 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3.  + $ 0.00 | + $ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4.  $ 4720.00 | $ 0.00 |

Debtor 1    Lena B. Holley

First Name    Middle Name    Last Name       Case number *(if known)*_____

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|

Copy line 4 here ................................................. ➔ 4.   $ 4720.00    $ 0.00

5. List all payroll deductions:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 1300.00 | $ 0.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: _____ | 5h. | + $ 0.00 | + $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h.   6.   $ 1300.00    $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 3420.00    $ 0.00

8. List all other income regularly received:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income. Specify:** _____ | 8h. | + $ 0.00 | + $ 0.00 |

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $ 0.00    $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ 3,420.00   +   $ 0.00   =   $ 3420.00

11. State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____   11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies   12.   $ 3420.00

**Combined monthly income**

13. Do you expect an increase or decrease within the year after you file this form?

☑ No.

☐ Yes. Explain:

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Lena B. Holley*

Case No.
Chapter *13*

_____ / Debtor

Attorney for Debtor:   **MICHAEL R. RICHMOND**

## VERIFICATION OF CREDITOR MATRIX

      The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Date: *7/9/2014*_____

/s/ *Lena B. Holley*_____
Debtor

AFNI, INC
PO BOX 3097
BLOOMINGTON, IL  61702

ASSET ACCEPTANCE LLC
PO BOX 1630
WARREN, MI  48090

AT&T
c/o Midland Bankruptcy Departm
5407 Andrews Hwy
Midland, TX  79706

Bally's Total Fitness
12440 E. Imperial
Suite 3
Huntington Beach, CA  92647

Capital One Auto Finan
3901 Dallas Pkwy
Plano, TX  75093

CCI
2915 PROFESSIONAL PARKWAY
AUGUSTA, GA  30907-3540

CITY OF CALUMET CITY
204 PULASKI ROAD
Calumet City, IL  60409

City of Chicago-Bureau Parking
121 N. LaSalle St. Room 107
Bankruptcy
Chicago, IL  60602

COMCAST
P O BOX 3002
SOUTHEASTERN, PA  19398-3002

COMED
2100 SWIFT DRIVE
Oak Brook, IL  60523

CREDIT MANAGEMENT LP
4200 INTERNATIONAL PKWY
CARROLLTON, TX  75007

DEBT RECOVERY SOLUTION
900 MERCHANTS CONCOURSE
WESTBURY, NY  11590

DISH NETWORK
5701 S. SANTA FE DRIVE
Littleton, CO  80120

Eugene Wabomnor

Global Payments Check
Po Box 59371
Chicago, IL  60659

Lena Bradley
1609 S. Homan
Chicago, IL  60623

Illinois Tollway Authority
2700 Ogden Ave
Downers Grove, IL  60515

MBB
1460 RENAISSANCE DR
PARK RIDGE, IL  60068

MCSI INC
PO BOX 327
PALOS HEIGHTS, IL  60463

MICHAEL R. RICHMOND
33 NORTH DEARBORN STREET
SUITE 1907
CHICAGO, IL  60602

MUNICOLLOFAM
3348 RIDGE ROAD
LANSING, IL  60438

NCOFIN/980
600 HOLIDAY PLAZA SUITE 300
MATTESON, IL  60443

PENN CREDIT
916 S 14TH ST
HARRISBURG, PA  17104

Peoplesene
130 E. Randolph Drive
Chicago, IL  60601

Santander Consumer Usa
Po Box 961245
Ft Worth, TX  76161

SECRETARY OF STATE
DRIVER SERVICES DEPARTMENT
2701 S. DIRKSEN PARKWAY
Springfield, IL  62723

STELLAR RECOVERY INC
4500 SALISBURY RD STE 10
JACKSONVILLE, FL  32216

Unimed  Ltd - Metros

US CELLULAR
Bankruptcy Dept.
5117 W. Terrace Dr.
Madison, WI  53718

VILLAGE OF Bellwood
3200 Washington Blvd
Bellwood, IL  60104

VILLAGE OF RIVERDALE
325 WEST 142ND STREET
  60627


Village Of South Hol
16226 Wausau Avenue
South Holland, IL   60473


W & W Partners

WALINSKI & TRUNKETT, PC.
221 N. LaSalle, Ste. 1000
Chicago, IL   60602

West Group, Rochester, NY.

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re   **Lena B. Holley**                                      Case No.

                                                               Chapter:   **13**

_____/Debtor(s)

Attorney For Debtor:  **MICHAEL R. RICHMOND**

## LIST OF CREDITORS

| # | CREDITOR | CLAIM AND SECURITY | C D S U | CLAIM AMOUNT |
|---|----------|--------------------|---------|--------------|
| 1 | AT&T<br>c/o Midland Bankruptcy Departm<br>5407 Andrews Hwy<br>Midland, TX  79706 | | | $ 2,550.00 |
| 2 | Bally's Total Fitness<br>12440 E. Imperial<br>Suite 3<br>Huntington Beach, CA  92647 | | | $ 261.00 |
| 3 | Capital One Auto Finan<br>3901 Dallas Pkwy<br>Plano, TX  75093 | | | $ 15,483.00 |
| 4 | CITY OF CALUMET CITY<br>204 PULASKI ROAD<br>Calumet City, IL  60409 | | | $ 570.00 |
| 5 | City of Chicago-Bureau Parking<br>121 N. LaSalle St. Room 107<br>Bankruptcy<br>Chicago, IL  60602 | IL DL # H400-5227-1916 | | $ 8,810.69 |
| 6 | COMCAST<br>P O BOX 3002<br>SOUTHEASTERN, PA  19398-3002 | | | $ 486.00 |

# LIST OF CREDITORS
(Continuation Sheet)

| # | CREDITOR | CLAIM AND SECURITY | C D S U | CLAIM AMOUNT |
|---|----------|--------------------|---------|--------------|
| 7 | COMED<br>2100 SWIFT DRIVE<br>Oak Brook, IL  60523 | | | $ 1,367.00 |
| 8 | DISH NETWORK<br>5701 S. SANTA FE DRIVE<br>Littleton, CO  80120 | | | $ 790.00 |
| 9 | Eugene Wabomnor | Circuit Court of Cook County, IL<br>12 M4 000770 | | $ 3,200.00 |
| 10 | Global Payments Check<br>Po Box 59371<br>Chicago, IL  60659 | | | $ 875.00 |
| 11 | Illinois Tollway Authority<br>2700 Ogden Ave<br>Downers Grove, IL  60515 | | | $ 219.00 |
| 12 | Peoplesene<br>130 E. Randolph Drive<br>Chicago, IL  60601 | | | $ 934.00 |
| 13 | Santander Consumer Usa<br>Po Box 961245<br>Ft Worth, TX  76161 | | | $ 6,979.00 |
| 14 | Santander Consumer Usa<br>Po Box 961245<br>Ft Worth, TX  76161 | | | $ 7,501.00 |

West Group, Rochester, NY.

## LIST OF CREDITORS
(Continuation Sheet)

| # | CREDITOR | CLAIM AND SECURITY | C D S U | CLAIM AMOUNT |
|---|----------|--------------------|---------|--------------|
| 15 | Unimed  Ltd - Metros | | | $ 517.00 |
| 16 | US CELLULAR<br>Bankruptcy Dept.<br>5117 W. Terrace Dr.<br>Madison, WI  53718 | | | $ 2,199.00 |
| 17 | VILLAGE OF Bellwood<br>3200 Washington Blvd<br>Bellwood, IL  60104 | | | $ 250.00 |
| 18 | VILLAGE OF Bellwood<br>3200 Washington Blvd<br>Bellwood, IL  60104 | | | $ 200.00 |
| 19 | VILLAGE OF RIVERDALE<br>325 WEST 142ND STREET<br>60627 | | | $ 250.00 |
| 20 | Village Of South Hol<br>16226 Wausau Avenue<br>South Holland, IL  60473 | | | $ 200.00 |
| 21 | W & W Partners | 96 M1 158908 | D | $ 2,605.00 |

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re  *Lena B. Holley*

Case No.

Chapter  *13*

_____ / Debtor

# CHAPTER 13 STATEMENT OF INTENTION

**Part A -**  Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. | |
|---|---|
| **Creditor's Name :**<br><br>*None* | **Describe Property Securing Debt :** |

Property will be (check one) :

☐ Surrendered      ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____  (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt      ☐ Not claimed as exempt

**Part B -**  Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | |
|---|---|---|
| **Lessor's Name:**<br><br>*None* | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>☐ Yes      ☐ No |

### Signature of Debtor(s)

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: *7/9/2014*_____      Debtor:  */s/ Lena B. Holley*_____

Date: _____      Joint Debtor: _____

B 7 (Official Form 7) (4/13)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: *Lena B. Holley*                                                                    ,          Case No. _____
                        Debtor                                                                                      (if known)

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(2), (31).

---

### 1. Income from employment or operation of business

None  ☐    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter  13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not  filed.)

AMOUNT                                                    SOURCE

*Year to date: $23,600*
*   Last Year: $40,000*
*Year before: $36,000 approx*

---

### 2. Income other than from employment or operation of business

None  ☐    State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not  filed.)

AMOUNT                                                    SOURCE

*Year to date: $300 approx*          *child support*
*   Last Year: $450 approx*
*Year before: 0*

## 3. Payments to creditors

None ☒    Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒    b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☒    c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☒    a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None ☐    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| *Name: Capital One* *Address:* | *03/14* | *Description: 09 Ford Edge* *Value:* |

## 6. Assignments and receiverships

None ☒    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 - (Official Form 7) (4/13)

None ☒ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None ☒ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None ☒ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee:* HELLER & RICHMOND, LTD. *Address:* 33 NORTH DEARBORN STREET SUITE 1907 CHICAGO, IL 60602 | *Date of Payment:* *Payor:* Lena B. Holley | *$377* |

## 10. Other transfers

None ☒ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒ b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

## 11. Closed financial accounts

None ☒ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Statement of Affairs - Page 3

## 12. Safe deposit boxes

None ☒ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None ☒ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None ☒ List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None ☒ If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

## 16. Spouses and Former Spouses

None ☒ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

## 17. Environmental Information

None ☒ For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor,
including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☒ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

**None** ☒    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

## 18. Nature, location and name of business

**None** ☒    a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

**None** ☒    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   7/9/2014      Signature   */s/ Lena B. Holley*
of Debtor

Date          Signature
of Joint Debtor
(if any)

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 34(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____           _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer           Social-Security No.(Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal,, responsible person, or partner who signs this document.*

_____

_____
Address

X _____           _____
Signature of Bankruptcy Petition Preparer                                        Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

B6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re *Lena B. Holley*

Case No.
Chapter *13*

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's  liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $ *0.00* | | |
| B-Personal Property | *Yes* | *3* | $ *7,100.00* | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *1* | | $ *0.00* | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *1* | | $ *0.00* | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *8* | | $ *56,246.69* | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $ *3,420.00* |
| J-Current Expenditures of Individual Debtor(s) | *No* | *0* | | | $ *3,121.00* |
| TOTAL | | *18* | $ *7,100.00* | $ *56,246.69* | |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Lena B. Holley*                                                                    Case No.

                                                                                          Chapter  *13*

_____ / Debtor

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C  § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under
chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C.  § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ *0.00* |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ *0.00* |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ *0.00* |
| Student Loan Obligations (from Schedule F) | $ *0.00* |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ *0.00* |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ *0.00* |
| **TOTAL** | $ *0.00* |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | $ *3,420.00* |
| Average Expenses (from Schedule J, Line 22) | $ *3,121.00* |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ *4,720.00* |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ *0.00* |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ *0.00* | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ *0.00* |
| 4. Total from Schedule F | | $ *56,246.69* |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ *56,246.69* |

B6 Declaration (Official Form 6 - Declaration) (12/13)

In re _Lena B. Holley_ _____    Case No. _____
                    Debtor                                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___19___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _8/9/2014_____          Signature _/s/ Lena B. Holley_____
                                                    **Lena B. Holley**

[If joint case, both spouses must sign.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER  (See 11.U.S.C. § 110)

I certify that I am a bankruptcy preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Preparer: _____          Social security No. : _____

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____          Date: _____

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and  the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.